

FILED
CLERK, U.S. DISTRICT COURT

MAY 3 0 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WAYNE OLIVER, | Case No. EDCV 07-1686-TJH (JWJ) |
| Petitioner, | |
| vs. | **MEMORANDUM AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS** |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Respondents. | |

## I.  BACKGROUND

On December 17, 2007, petitioner Anthony Wayne Oliver, a state prisoner proceeding pro se, filed a "Petition for Writ of Habeas Corpus and/or Petition for Writ of Mandamus" (hereinafter "Petition") in the United States District Court for the Northern District of California.  On December 19, 2007, United States District Judge Charles R. Breyer ordered that the action be transferred to the Central District of California; the Petition and corresponding documents were filed in this Court on December 27, 2007 under case number EDCV 07-1686 MMM (JWJ).  This Court screened the Petition pursuant to the Federal Rules of Civil Procedure, the Rules Governing Section 2254 Habeas Cases, 28 U.S.C. § 2243, and the Local Rules of the Central District of

1   California.

2   　　　The Court's screening reveals that petitioner was convicted of first degree

3   murder in the Los Angeles County Superior Court on October 24, 1984.

4   (Petition, p. 2.)  In the instant petition, it appears that petitioner is challenging

5   a California Court of Appeal decision issued on March 14, 2007, wherein the

6   Court of Appeal denied petitioner's request for a writ of mandamus ordering

7   the lower courts to hold an evidentiary hearing regarding the return of legal

8   materials related to his criminal conviction.  (Id. at 3.)

9

10   **II.  DISCUSSION**

11   　　　Under 28 U.S.C. § 2243, it is the duty of this Court to screen out

12   frivolous habeas corpus applications and eliminate the burden that would be

13   placed on the respondent by ordering an unnecessary answer.  See Rules

14   Governing Section 2254 Cases, Rule 4, Advisory Committee Notes, 1976

15   Adoption (citing Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970)).  A district

16   court must enter an order for the summary dismissal of a habeas petition if it

17   plainly appears from the face of the petition and any exhibits annexed to it that

18   the petitioner is not entitled to relief in the district court.  Rules Governing

19   Section 2254 Cases, Rule 4; see also Hendricks v. Vasquez, 908 F.2d 490, 491

20   (9th Cir. 1990).

21   　　　A petition lacks an arguable basis in law only if controlling authority

22   requires a finding that the facts alleged fail to establish an arguable legal claim.

23   See Guti v. INS, 908 F.2d 495, 496 (9th Cir. 1990).  A court may also dismiss

24   as frivolous petitions reciting bare legal conclusions with no suggestion of

25   supporting facts, or postulating events and circumstances of a wholly fanciful

26   kind.  See Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984).  Yet, it

27   must be kept in mind that pro se pleadings must be liberally construed.  See

28   Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

1  Here, petitioner is requesting that this Court review a decision by the

2  California Court of Appeal that denied petitioner's request for a writ of

3  mandamus.   (Petition, p. 3.)   However, this Court lacks jurisdiction to review

4  the state court's decision in this action.   Indeed, in conducting habeas review, a

5  federal court is limited to deciding whether a *conviction* violated the

6  Constitution, laws, or treaties of the United States. <u>Estelle v. McGuire</u>, 502

7  U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (emphasis added).

8  It is not the province of a federal habeas court to reexamine state-court

9  determinations on state-law questions. <u>Id.</u> Construing the Petition liberally, it

10  appears that petitioner is not entitled to relief in the district court.

11  Accordingly, the Petition is summarily dismissed. <u>See</u> Rule 4 of the

12  Rules Governing § 2254 Cases.

13  ///

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

## <u>ORDER</u>

2    For the foregoing reasons,

3    **IT IS HEREBY ORDERED AS FOLLOWS:**

4    The Petition for Writ of Habeas Corpus in the instant action is dismissed

5    without prejudice.

6

7    DATED: _5/30/08_

8

9

10                                    TERRY J. HATTER, JR.
                                      United States District Judge
11

12

13    Presented by:

14    DATED: _May 28, 2008_

15

16

17

18    JEFFREY W. JOHNSON
      United States Magistrate Judge
19

20

21

22

23

24

25

26

27

28